Whitewater Court, Ltd., and Whitewater Woods, Ltd., Plaintiffs-Respondents,
v.
The City of Whitewater, Defendant-Appellant.
No. 04-0569.
Court of Appeals of Wisconsin.
Opinion Filed: November 24, 2004.
Before Anderson, P.J., Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
The City of Whitewater appeals from a judgment refunding excess property tax payments to Whitewater Court, Ltd., and Whitewater Woods, Ltd. (hereinafter referred to as the taxpayers). The City argues that the circuit court's finding of the assessed value of federally subsidized housing owned by the taxpayers is clearly erroneous because it is based on an assessor's valuation that does not account for the mortgage interest subsidy. We affirm the judgment.
¶2 The taxpayers own two forty-unit apartment buildings in the City of Whitewater. The properties are subsidized under § 515 of the federal 1949 Housing Act. Consequently, there are restrictions on the amount of rent charged to tenants, resale, and return on the owners' equity. Mortgages on the properties are amortized at market rates of interest of 8.5% (Whitewater Court) and 9% (Whitewater Woods) respectively. However, the taxpayers receive a mortgage interest subsidy reducing the effective rate of interest paid to 1%.
¶3 For tax years 2000 and 2001, the buildings were assessed by the City's assessor, Fred Matthes, at $1,333,400 (Whitewater Court) and $1,306,200 (Whitewater Woods). The taxpayers paid the resulting taxes under protest. Their claims for repayment of excessive taxes were denied by the City and these actions were commenced for a determination of the proper assessment under WIS. STAT. §74.37(3)(d) (2001-02).[1] The circuit court heard testimony from Matthes and the taxpayers' expert, Albert Gay. Gay assessed Whitewater Court at $489,900 for tax year 2000, and $576,500 for tax year 2001. He assessed Whitewater Woods at $480,000 for tax year 2000, and $642,600 for tax year 2001. The circuit court determined that Gay's method of valuation was appropriate and entered judgment refunding taxes.
¶4 Our standard of review is set forth in Bloomer Housing Limited Partnership v. City of Bloomer, 2002 WI App 252, ¶¶11-12, 257 Wis. 2d 883, 653 N.W.2d 309. It is only necessary to highlight here that the circuit court was only required to give presumptive weight to the City's assessment. Id., ¶11. The circuit court's findings of fact will not be overturned unless clearly erroneous. Id., ¶12. Where there is conflicting testimony, the weight and credibility afforded the opinions of expert witnesses is for the circuit court to determine as the ultimate arbiter of credibility. Id.
¶5 This appeal centers on how the mortgage interest subsidy factors into the value of the properties when measured by an income approach. Under the income approach, the property's annual net income is divided by a capitalization rate determined by consideration of the mortgage terms and conditions, rents, expenses, and expected yields. Id., ¶16. Here the City argues that only a 1% interest rate should be used when determining the capitalization rate applicable in the income approach. In Bloomer Housing, the City of Bloomer made the same argument. See id., ¶8. In contrast, Bloomer Housing's two expert witnesses, including Albert Gay, used the stated mortgage interest rate, or close to it, in determining the capitalization rate. Id. The circuit court based its valuation on the capitalization rate factoring in an 8.65% interest rate. Id., ¶18. We recognized that the interest subsidy, while not determinative, affects the property's value and must be weighed with all the other factors influencing value. Id., ¶23. The circuit court's resolution of the conflicting testimony about the appropriate capitalization rate was affirmed. See id., ¶22.
¶6 The City argues that Bloomer Housing did not specify how the interest subsidy should be taken into account, and therefore, it remains appropriate to use the 1% subsidized interest rate in the capitalization rate. However, Mineral Point Valley Limited Partnership v. City of Mineral Point Board of Review, 2004 WI App 158, ___ Wis. 2d ___, 686 N.W.2d 697, review denied (WI Oct. 19, 2004) (No. 03-1857), held otherwise.[2] In Mineral Point Valley, the city's assessor used the 1% subsidized interest rate in his capitalization rate and the partnership claimed the stated market rate of interest, 8.75%, should be utilized. Id., ¶8. This court concluded that "an assessor cannot be free to choose between the mortgage subsidy rate and the mortgage market rate when using the income approach to valuing federally subsidized housing." Id., ¶10. Looking to Bloomer Housing, the court held that "a capitalization rate based on a subsidized interest rate is impermissible, and that a market rate must be used, together with `all the other factors influencing value,' to produce the fair value of the partnership's real estate." Mineral Point Valley, 686 N.W.2d 697, ¶13 (quoting Bloomer Housing, 257 Wis. 2d 883, ¶23).
¶7 As a matter of law the city assessor's valuation based on a subsidized interest rate resulted in an excessive assessment. See id. That left Gay's expert valuations as the only evidence as to value.
¶8 The City contends that Gay's valuation in this matter is nonetheless faulty because Gay did not take the subsidized interest rate into account in any manner. Gay acknowledged that he did not plug the 1% subsidized interest rate into any of the four formulas used to determine the capitalization rate. Yet nothing requires that the subsidized rate be used in a formulaic fashion. Gay was aware of the subsidized interest rate and explained that he did not use it in his calculations because it is a benefit that accrues to the tenants in the form of lower rents. He further indicated that the benefit of the subsidized interest rate is neutralized by the rent restrictions. This was the same approach used and approved in Bloomer Housing and Mineral Point Valley. Contrary to the City's assertion, Gay's valuation was not erroneous as a matter of law.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Mineral Point Valley Limited Partnership v. City of Mineral Point Board of Review, 2004 WI App 158, ___ Wis. 2d ___, 686 N.W.2d 697, review denied (WI Oct. 19, 2004) (No. 03-1857), was decided after the briefing was completed in this appeal.